1  RANDY S. GROSSMAN
   United States Attorney
2  KIRIAKI GRAMMENIDIS
   Ohio Bar No. 0098984
3  Assistant United States Attorney
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, CA 92101
5  Tel: (619) 203-9715

6  Attorneys for Plaintiff
   United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 22-cr-02041-CAB |
|---|---|
| Plaintiff, | **United States' Motions *In Limine* to:** |
| v. | **(A)** Admit the Material Witness Stipulation and Statements <br> **(B)** Admit Business and Public Records <br> **(C)** Admit United States Expert Testimony <br> **(D)** Exclude Witnesses Other than Case Agent <br> **(E)** Exclude Certain References <br> **(F)** Exclude Defense Expert Testimony <br> **(G)** Exclude Self-Serving Hearsay <br> **(H)** Exclude Evidence of Duress or Necessity <br> **(I)** Compel Discovery |
| PATRICIA GAUDRON, | |
| Defendant. | |
| | Hearing Date: September 29, 2022 <br> Time: 11:00 a.m. <br><br> Honorable Cathy Ann Bencivengo |

The United States of America, by and through its counsel, hereby files its Motions *in Limine*.

# I

# STATEMENT OF FACTS

On May 16, 2021, at approximately 1:40 pm, a border patrol agent (BPA) was advised by a national guard service member that a red Hyundai Elantra was picking up three to four individuals on Otay Lakes Road, and that the vehicle was seen last driving

eastbound. BPAs responded, and a BPA saw a vehicle matching the vehicle description heading westbound on Otay Lakes Road. A BPA attempted to conduct a vehicle stop with his lights and sirens activated, but the red vehicle picked up speed. In fact, the vehicle drove over 70 miles per hour in a 50 mile per hour zone. Soon thereafter, the red vehicle yielded, but an individual was observed opening the front passenger door and running north.

The driver of the red Hyundai Elantra was identified as Defendant Patricia Gaudron (Defendant). The two individuals in the backseats stated that they were citizens of Mexico without any documents allowing them to enter or legally remain in the United States. The individual who attempted to flee the scene by running north was found hiding in thick brush, and he also stated he was a citizen of Mexico without any documents to enter or remain in the United States legally. The three individuals who indicated they were illegally present were Jhonny Daniel Contrerras-Ladino, Jose De Jesus Jimenez-Alvarado, and Victor Perez-Suarez. Defendant was placed under arrest for alien smuggling.

Records checks were run on the red Hyundai Elantra, with license plate 7BSC024, which identified Defendant as the registered owner. The vehicle was seized. Inside the vehicle, a BPA was able to observe cardboard boxes on the backseat and floor of the vehicle.



The BPA noted that alien smugglers often try to keep their vehicles clean and will utilize items like boxes and blankets to do so, because illegal aliens sometimes walk long distances and they become dirty due to dirt, dust, and more.

Post-arrest, Defendant was interviewed, and she stated she was not in the area to pick up anyone. Instead, she claimed, she was in the Otay Lakes Road area to watch ski divers jump, she just happened to pull over, and an individual asked her to give him and his friends a ride. Defendant said she agreed, but that she would want at least $40 to do so. When asked why she sped up, Defendant said the individual in the front passenger seat was telling her to speed up in the Spanish language. Jhonny Daniel Contrerras-Ladino, Jose De Jesus Jimenez-Alvarado, and Victor Perez-Suarez were also interviewed. Defendant was not charged.

However, just eight days later, on May 24, 2021, Defendant was back on Otay Lakes Road. This time she was a passenger in a vehicle she rented, and Jonathan Sarabia was driving. A BPA observed three individuals running across the road and entering the vehicle. The three individuals who entered the vehicle were later identified as Anayelli Tinoco, Gustavo Perez Figueroa, and Ramon Garcia-Montiel.

Anayelli Tinoco said she was born in Mexico, she is a citizen of Mexico, she crossed through the Otay mountains, and she paid $8,000 to be smuggled into the United States. Similarly, Gustavo Perez-Figueroa said he was born in Mexico, he is a citizen of Mexico, he crossed through the Otay mountains, and he paid $8,500 to be smuggled into the United States. Ramon Garica-Montiel said he was born in Mexico and smuggled through the Otay mountains. Driver Jonathan Sarabia said that Defendant told him about picking up illegal aliens, and he agreed because Defendant was going to pay him $700. Defendant declined to make any statements post-*Miranda*.

Defendant and Jonathan Sarabia were placed under arrest and charged for transporting certain aliens.

//

//

3

## II

## STATEMENT OF THE CASE

On May 24, 2021, Defendant was arrested with Jonathan Sarabia for transporting certain aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). 21cr1741-CAB, ECF No. 1. Defendant and Jonathan Sarabia were arraigned on a three-count Information for transporting certain aliens. 21cr1741-CAB, ECF No. 31. Defendant Patricia Gaudron and Jonathan Sarabia also entered stipulations of fact and motions for release of material witnesses Anayelli Tinoco-Alvarez, Gustavo Perez-Figueroa, Ramon Garcia-Montiel. 21cr1741-CAB, ECF Nos. 32, 54. Jonathan Sarabia pled guilty and was sentenced. 21cr1741-CAB, ECF No. 60.

Defendant was charged in six-count Indictment for transporting certain aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). ECF No.1. She has pled not guilty. ECF No. 8. Trial is scheduled to begin November 28, 2022. *Id.*

## III

## ARGUMENT

**A. The Court Should Admit the Material Witness Stipulation and Material Witness Statements**

The Court should admit the material witness stipulation signed by Defendant. Defendant also stipulated that, "[t]he United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witnesses." Therefore, to the extent that material witnesses Gustavo Perez-Figueroa, Anayelli Tinoco-Alvarez, and Ramon Garcia-Montiel, are unavailable as witnesses their statements to arresting agents should be admitted. Stipulations freely and voluntarily entered into are binding and enforceable. *United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010) (hearsay evidence admitted pursuant to stipulation and joint motion for release of material witnesses was properly admitted). A stipulation allowing for the use of third-party testimony is admissible, nor does it violate a defendant's rights under the Confrontation Clause. *United States v. Contreras-Rangel*, 414 F. App'x 943, 944 (9th Cir. 2011).

## B. The Court Should Admit Business and Public Records

The Court should allow the United States to introduce vehicle history records from the DMV and vehicle seizure documents, which are admissible as business records under Federal Rule of Evidence 803(6) or public records under Rule 803(8). Pursuant to Rule 803(6), unless the source of the information or the method of preparation indicates a lack of trustworthiness, the rule against hearsay does not exclude a record of an act, event, condition, opinion, or diagnosis if the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business or organization; and making the record was a regular practice of that activity, all as shown by the testimony of the custodian or by certification. A "business" includes a "business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." *United States v. Johnson*, 297 F.3d 845, 863 & n.11 (9th Cir. 2002).

## C. The Court Should Admit Expert Testimony by the United States

The Court should admit expert testimony from Human Exploitation Group Task Force Officer Carlo Nazareno. Officer Nazareno will testify about how alien smugglers typically operate, how alien smugglers typically coordinate alien smuggling events, the division of responsibility among numerous actors, and the methods used, including – if the defense opens the door – the use of "blind mules."

The Ninth Circuit has upheld the admission of expert testimony in alien smuggling prosecutions. *United States v. Lopez-Martinez*, 543 F.3d 509, 514 (9th Cir. 2008) (expert testimony from Border Patrol Agent about methods and patterns of human smugglers was allowed). This testimony is proper because it will "help[] the jury to understand complex criminal activities, and alerts it to the possibility that combinations of seemingly innocuous events may indicate criminal behavior." *United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984); *see also United States v. Mejia-Luna*, 562 F.3d 1215, 1219 (9th Cir. 2009) (expert testimony that "assisted the jury in understanding alien smuggling schemes, their operational framework, and Mejia-Luna's particular role

as a 'load' driver in the operation" was relevant and non-prejudicial in case charging two counts of transporting illegal aliens).

Additionally, should defense offer evidence or argument that Defendant is an unknowing courier who was set up by alien smugglers, the Government will seek to elicit expert testimony concerning the use of blind mules by alien smuggling organizations.

### D. The Court Should Exclude Witnesses During Trial with the Exception of the Government's Case Agent

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. An exception to this rule exists for "a person whose presence a party shows to be essential to presenting the party's claim or defense." *Id.* The case agent in the present matter, Steven S. Serrano, has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. Therefore, the United States requests that all testifying witnesses, except for the case agent, be excluded during trial pursuant to Rule 615. *See United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (FBI agent properly exempted from Rule 615 exclusion as an officer for the Government).

### E. The Court Should Prohibit Certain References

Evidence of, and thus argument referring to, Defendant's gender identity, birthplace, family circumstances, and finances is irrelevant and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Even if relevant, Rule 403 provides that relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The Ninth Circuit Model Jury Instructions expressly instruct jurors to not be influenced by any "personal likes or dislikes, sympathy, prejudice, fear or public opinion." Ninth Cir. Crim. Jury Instr. § 3.1 (2010 ed.). Accordingly, evidence designed to elicit sympathy, such as that referring to Defendant's gender identity, birthplace, family circumstances, and finances, should be excluded.

Additionally, it also "is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Olano*, 62 F.3d 1180, 1201 (9th Cir. 1995) (internal quotations omitted); Ninth Cir. Crim. Jury Instr. § 7.4 (2010 ed.). This is because such information tends "to draw the attention of the jury away from their chief function as the sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." *Olano*, 62 F.3d at 1201 (internal quotations omitted). As such, any mention of Defendant's possible penalty also ought to be excluded.

### F. The Court Should Exclude Defense Expert Testimony

Pursuant to Federal Rules of Criminal Procedure 16(b) and 26.2, the United States requests that Defendant disclose to the United States all exhibits and documents that Defendant intends to introduce as evidence in her case-in-chief at trial; all statements by any witness whom the Defendant intends to call at trial; and written summaries of testimony that Defendant intends to offer under Federal Rules of Evidence 702, 703, or 705 as evidence at trial. The summaries should describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. To date, Defendant has provided no reciprocal discovery, no notice of expert witness, and no reports by expert witnesses. Defendant should not be permitted to introduce any expert testimony if Defendant fails to promptly comply.

### G. The Court Should Exclude Defendant's Self-Serving Hearsay

Defendant should be precluded from eliciting any of her out-of-court statements either through cross-examination of the Government's witnesses or from calling witnesses on her own behalf. It is axiomatic that attempts to prove one's own statements through the testimony of another witness is impermissible because those statements are hearsay. *See United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (defendant who chose not to testify at trial was properly kept from eliciting self-serving statements during the cross-examination of a Government witness because that is "precisely what the hearsay rule forbids"); Fed. R. Evid. 801(c). Additionally, Defendant cannot rely on

7

Federal Rule of Evidence 801(d)(2) to introduce such statements because she is the proponent of the evidence and because the evidence is not being offered against her. Introduction by the Government of statements made by Defendant also does not "open the door" to cross-examination by Defendant concerning her self-serving hearsay statements. *See Fernandez*, 839 F.2d at 640. Accordingly, Defendant should not be allowed to have "self-serving hearsay" brought before the jury without subjecting herself to cross-examination. *See, e.g., id.*; *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).

### H. The Court Should Exclude Evidence of Duress or Necessity Absent a Pre-Trial Showing of Proof

A pretrial motion is the appropriate vehicle to test the sufficiency of a proffered defense and to preclude evidence of the defense if the evidence is insufficient to support it. Fed. R. Crim. Proc. 12(b)(2). The Ninth Circuit has "long held that a defendant is not entitled to present a duress defense to a jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." *United States v. Vasquez-Landavar*, 527 F.3d 798, 802 (9th Cir. 2008); *see also United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991) (district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense."). Defendant here has made no such showing and should therefore be precluded from offering evidence of duress or necessity at trial.

### I. Compel Reciprocal Discovery

As of the date of the preparation of these motions, the Government has received no reciprocal discovery, including any photographs defendant intends to introduce at trial. The Government requests that the Court order defendant to comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of all witnesses, except for those of defendant. In particular, if defendant intends to call an investigator at trial, she must provide a statement of the witness in advance of trial.

## IV
## **CONCLUSION**

For all the foregoing reasons, the Government's Motions *in Limine* should be granted.

DATED: September 15, 2022 Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Kiriaki Grammenidis*
KIRIAKI GRAMMENIDIS
Assistant United States Attorney